IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOUTHWESTERN LINE CONSTRUCTORS JOINT APPRENTICESHIP AND TRAINING PROGRAM AND CHARLES D. YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>HAWKEYE CONSTRUCTION, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 09-2145-CM |

## MEMORANDUM AND ORDER

Plaintiffs are an employee benefit plan established and operated pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, and the duly appointed and acting fiduciary of that Plan. Defendant Hawkeye Construction, Inc. is an employer obligated to submit reports of hours of covered work and corresponding fringe benefit contributions to the plaintiff benefit plan pursuant to the terms of a collective bargaining agreement. Plaintiffs filed this action on March 26, 2009, seeking monetary damages and equitable relief for defendant's failure to make appropriate fringe benefit contributions on behalf of its employees to the plaintiff benefit plan. On May 7, 2009, the clerk of the court entered default against defendant. Plaintiffs' Motion for Default Judgment (Doc. 7) seeking an award of damages, including attorney's fees, in the amount of $20,353.34 is currently before the court.

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The court may take as true all factual allegations in the complaint, except those pertaining to the amount of damages.

*Beginner Music v. Tallgrass Broadcasting*, LLC, No. 09-4050-SAC, 2009 WL 2475186, at *1 (D. Kan. Aug. 12, 2009). Unless a plaintiff's claim is for a sum certain, the court must determine the appropriate judgment. Fed. R. Civ. P. 55. Rule 55(b)(2) provides that "the court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

The inquiry does not end just because a plaintiff requests a specific amount in its complaint. *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995). "'A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested is reasonable under the circumstances.'" *Id.* (quoting *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan. 1994)). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at *4 (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)). The amount of damages that a plaintiff may recover on default is limited to the amount that the plaintiff claims in the prayer for relief in the complaint. *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Section 502(g)(2) of ERISA provides that in an action brought to enforce § 515 of the Act "in which a judgment in favor of the plan is awarded, the Court shall award the Plan" (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages not in excess of 20% of the unpaid contributions, (4) the plan's reasonable attorney's fees and costs of the action, and (5) other legal and equitable relief the court deems appropriate. *See* 29 U.S.C. § 1132(g)(2).

The pleadings, as supplemented by the instant motion and supported by the affidavits of Charles D. Young and Jane L. Williams, set out the amount of damages as follows:

| | |
|---|---|
| Principal: | $ 14,237.65 |
| Liquidated Damages: | $ 1,896.47 |
| Interest: | $ 1,896.47 |
| Costs: | $ 350.00 |
| Attorney's fees: | $ 1,972.75 |
| TOTAL: | $ 20,353.34 |

The complaint reasonably notified defendant of the potential amount at stake—it specifically set forth the principal and requested liquidated damages, interest, costs, and attorney's fees. In determining a reasonable amount to be awarded for attorney's fees, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate ("lodestar"), *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and may then adjust the fee upward or downward as appropriate. *Hensley*, 461 U.S. at 434. The court considers the nature and extent of the services supplied, the customary hourly rate of compensation, the number of hours expended, the skill required, the complexity of the case, and the success achieved. *Dutton v. Johnson County Bd. of County Comm'rs*, No. 93-2184-JWL, 1995 WL 337588, at *1 (D. Kan. May 26, 1995) (citing *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1359 (4th Cir. 1995)). Upon reviewing the record, the court finds that plaintiffs have established these amounts through affidavits and otherwise, and that these figures are reasonable.

This court finds that defendant Hawkeye Construction, Inc. is in default and entry of default judgment is proper pursuant to Federal Rule of Civil Procedure 55.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc 7) is granted.

**IT IS FURTHER ORDERED** that Default Judgment be, and it hereby is, entered against defendant Hawkeye Construction, Inc. and in favor of plaintiffs in the amount of twenty thousand, three hundred fifty-three, and 34/100 Dollars ($20,353.34).

Dated this 10th day of December 2009, at Kansas City, Kansas.

                                                s/ Carlos Murguia
                                                **CARLOS MURGUIA**
                                                **United States District Judge**